UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS

SHAHRAM SANI )
    Plaintiff, )
v. ) Case No. 4:24 cv 361  SDJ/AGD
EXPERIAN INFORMATION SOLUTIONS INC )
    Defendant. )

FILED
APR 2 6 2024
Clerk, U.S. District Court
Eastern District of Texas

**COMPLAINT AND JURY DEMAND**

Plaintiff, Shahram Sani, and for his complaint against defendant Experian Information Solutions Inc. ("Experian") and in support thereof, he alleges the following:

**PRELIMINARY STATEMENT**

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**JURISDICTION**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District.

**PARTIES TO ACTION**

4. Shahram Sani is a natural person that lives in Frisco, Texas.

5. Experian is a credit reporting agency.

**FACTUAL ALLEGATIONS**

6. Mr. Sani's credit report with Experian contains inaccurate information.

7. The first item of inaccurate information is an account with Fundbox Inc.

1

8. Experian is reporting the Fundbox account in a misleading and inaccurate fashion by reporting Mr. Sani as delinquent without mentioning that cause of the default.

9. Fundbox caused the non-payment by failing to process Mr. Sani's payment.

10. And Fundbox has caused the account to remain in default by refusing to accept Mr. Sani's payment, which would pay off the debt in its entirety.

11. The truth of the matter is that this debt should have known been reported in Mr. Sani's personal credit report because the debt is for Mr. Sani's business, not him personally.

12. When Mr. Sani opened the account with Fundbox, he was told that the debt would never show up on his personal credit report.

13. Also, on his Experian report are several unauthorized inquiries, including an inquiry from USC/Spring Eq, CIC and Advantage Credit.

14. Mr. Sani disputed the Fundbox account and unauthorized hard credit inquires—from USC/Spring Eq and CIC—with Experian.

15. With respect to the Advantage Credit inquiry, Mr. Sani requested that Experian provide him with the contact information for the company.

16. Experian forwarded Mr. Sani's dispute to Fundbox.

17. After receiving the dispute, Fundbox made sure that the personal identification information of Mr. Sani matched up and informed Experian that the disputed information had been verified as complete and accurate.

18. Fundbox lied when it told Experian that it had verified the information disputed by Mr. Sani had been verified as accurate and complete.

19. Fundbox did not even investigate the aspects of the debt that Mr. Sani disputed.

20. If Fundbox had investigated the matters raised in Mr. Sani's dispute, then Fundbox would have modified its reporting of the account to reflect that the non-payment and current default status was not the fault of Mr. Sani.

21. Experian did no investigation of its own and relied totally on Fundbox to investigate Mr. Sani's dispute.

22. Experian solely relied on Fundbox for the investigation despite knowing that Fundbox performs perfunctory investigations that do not verify the disputed information is accurate and/or complete.

23. Experian did not forward Mr. Sani's dispute to USC/Spring Eq, CIC or to any other source of information for those inquiries.

24. Nor did Experian investigate Mr. Sani's dispute of the hard inquiries.

25. Making matters worse, Experian is not reporting the Fundbox account and hard inquiries as in a disputed status.

26. As for Mr. Sani's request for the contact information for Advantage Credit, Experian just ignored his request.

### COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1681e(b)

27. Plaintiff incorporates paragraphs 1 through 26.

28. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files that Experian published and maintained for Plaintiff.

29. The foregoing violation(s) were done intentionally and/or recklessly in that the Defendant knew its procedures did not meet the obligations of the FCRA, but Experian has determined that it saves more money by employing unreasonable procedures than the cost of litigating lawsuits that emanate from the inaccuracies of their unreasonable procedures.

30. Due to the Fundbox debt and unauthorized hard inquiries on Plaintiff's credit reports, he is unable to obtain a personal loan and personally guarantee a loan for money that he desperately needs.

31. Consequently, the Plaintiff is in a bind that he does not know how to get out of, and this bind has caused him to feel frustrated, depressed and physically sick.

32. Defendant's actions were intentional or reckless, both which amount to a willful violation, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

33. As a result of Defendant's violations, Plaintiff suffered actual damages, including but not limited to: reduced credit score, damage to credit profile and financial reputation, and the attendant mental anguish of dealing with the damage credit.

34. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT TWO: VIOLATIONS OF 15 U.S.C. § 1681i(a)

35. Plaintiff incorporates paragraphs 1 through 34.

36. Defendant violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes, failing to forward accurate portrayal of the disputes to the Fundbox, failing to review and consider all relevant information provided by Plaintiff, and failing to remove information that could not be verified as accurate or complete.

37. The foregoing violation(s) were done intentionally and/or recklessly in that the Defendant knew its procedures did not meet the obligations of the FCRA, but Experian has determined that it saves more money by employing unreasonable procedures than the cost of litigating lawsuits that emanate from the inaccuracies of its unreasonable procedures.

38. Due to the Fundbox debt and unauthorized hard inquiries on Plaintiff's credit reports, he is unable to obtain a personal loan and personally guarantee a loan for money that he desperately needs.

39. Consequently, the Plaintiff is in a bind that he does not know how to get out of, and this bind has caused him to feel frustrated, depressed and physically sick.

40. Defendant's actions were intentional or reckless, both which amount to a willful violation, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

41. As a result of Defendant's violations, Plaintiff suffered actual damages, including but not limited to: reduced credit score, damage to credit profile and financial reputation, and the attendant mental anguish of dealing with the damage credit.

42. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681i(c)**

43. Plaintiff incorporates paragraphs 1 through 42.

44. Defendant violated 15 U.S.C. § 1681i(c) by failing to include a statement of dispute after the Plaintiff notified Experian—via a second dispute—that he was not satisfied with the results of Experian's investigation.

45. The foregoing violation(s) were done intentionally and/or recklessly in that the Defendant knew its procedures did not meet the obligations of the FCRA, but Experian has determined that it saves more money by employing unreasonable procedures than the cost of litigating lawsuits that emanate from the inaccuracies of its unreasonable procedures.

46. Due to the Fundbox debt and unauthorized hard inquiries on Plaintiff's credit reports, he is unable to obtain a personal loan and personally guarantee a loan for money that he desperately needs.

47. Consequently, the Plaintiff is in a bind that he does not know how to get out of, and this bind has caused him to feel frustrated, depressed and physically sick.

48. Defendant's actions were intentional or reckless, both which amount to a willful violation, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

49. As a result of Defendants' violations, Plaintiff suffered actual damages, including but not limited to: reduced credit score, damage to credit profile and financial reputation, and the attendant mental anguish of dealing with the damage credit.

50. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT FOUR: VIOLATIONS OF 15 U.S.C. § 1681e(a)

51. Plaintiff incorporates paragraph 13.

52. Experian violated 15 U.S.C. § 1681e(a) by failing to utilize reasonable procedures in the releasing of Plaintiff's credit report for an impermissible purpose.

53. If Experian had reasonable procedures to disseminate consumer reports to third parties, then Experian would not have released Plaintiff's reports for impermissible purpose(s).

54. Experian does not implement and/or employ reasonable procedures to release consumer reports because Experian seeks to save money on their procedures and the savings it enjoys by utilizing unreasonable procedures is significantly more than the costs from the lawsuits it faces from the unreasonable procedures.

55. Due to violation(s) of Experian, the Plaintiff suffered actual damages, including but not limited to: reduced credit score, loss of credit opportunity, invasion of privacy, intrusion upon seclusion, embarrassment, humiliation and other emotional distress.

56. The violations by Experian were willful, rendering it liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

57. In the alternative, Experian was negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT FIVE: VIOLATION OF 15 U.S.C. §1681g

58. Plaintiff incorporates paragraphs 15 and 26.

59. Experian violated § 1681g(a)(3)(A),(B) by failing to provide the contact information for Advantage Credit after receiving Plaintiff's request for that information.

60. Plaintiff suffered anxiety and frustration as result of Defendant's failure to provide Plaintiff with the contact information for Advantage Credit.

61. Upon information and belief, Defendant's failure to provide Plaintiff with the contact information of Advantage Credit is was due to policies and procedures by the Defendant that are inadequate for fulfilling its duties under 15 U.S.C. § 1681g.

62. Defendant knows that its policies are inadequate, but Experian continues to employ such policies, practices and procedures because it saves them money.

63. Defendant's failure to provide the contact information to Plaintiff was intentional, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n.

64. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

65. As a result of Defendant's violation of 15 U.S.C. § 1681g(a), Plaintiff suffered actual damages, including but not limited to: frustration and other mental or emotional distress.

66. Plaintiff is entitled to recover actual damages, statutory damages, and costs from Defendant in an amount to be determined by the Court pursuant to §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A. That the Court award actual damages Counts I thru V;
B. That the Court award maximum statutory damages for Count I thru V;
C. That the Court award maximum punitive damages for Count I thru V;
D. That the Court award costs and any reasonable attorneys' fees; and
E. That the Court award prejudgment and post-judgment interest.

Dated: April 11, 2024

Respectfully submitted,

Shahram Sani (Pro Se)
1082 Goldwood Ln
Frisco, TX 75036-4991
(202) 631-9400
shahramsani@yahoo.com